IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



BRIAN LESTER WALTON, SR.,

    Petitioner,

v.                                              Civil Action No. **3:17CV320**

HAROLD W. CLARKE,

    Respondent.

### REPORT AND RECOMMENDATION

Brian Lester Walton, Sr., a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DENIED.

**A.    Procedural History and Walton's Claims**

Following a jury trial, the Circuit Court of Middlesex County, Virginia ("Circuit Court") convicted Walton of violation of a protective order, third offense, and sentenced him to four years of incarceration fixed by the jury. *Commonwealth v. Walton*, No. CR13–217, at 1–2 (Va. Cir. Ct. March 5, 2014); *Commonwealth v. Walton*, No. CR13–217, at 1–2 (Va. Cir. Ct. May 12, 2014). Walton appealed. In his Petition for Appeal Walton raised the following five assignments of error:

    1.    The trial court erred in denying Walton's motion to set aside the verdict, because the Commonwealth failed to prove a necessary element of the felony offense, *i.e.*, neither the instant or prior offenses involved an act or threat of violence. . . .

> 2. The trial court erroneously instructed in Juror Instruction No. 7, as said instruction did not contain all []of the elements necessary to prove a felonious violation of the offense, to-wit, it failed to state that at least one of the prior offenses or the present offense must involve an act or threat of violence. . . .
> 3. The trial court erred in failing to strike the Commonwealth's evidence at the conclusion of all the evidence, because the Commonwealth failed to prove that Walton had made contact with Christopher Riddick within the context of the statute. . . .
> 4. The trial court erred in granting Commonwealth's Jury Instruction No. 7, because the instruction was not an accurate statement of the law set forth in [Virginia Code] § 19.2–152.10, in that the instruction mentions only contact while the statute qualifies the contact. . . .
> 5. The trial court erred in refusing Walton's instructions concerning interpreting the meaning of "contact" with the structural framework of the statute. . . .

Petition for Appeal at i, *Walton v. Commonwealth*, No. 1295–14–2 (Va. Ct. App. filed Aug. 22, 2014). The Court of Appeals of Virginia affirmed. (ECF No. 14–1, at 1.) The Supreme Court of Virginia refused Walton's subsequent petition for appeal. *Walton v. Commonwealth*, No. 150685, at 1 (Va. Jan. 11, 2016).

Walton filed a petition for writ of habeas corpus in the Circuit Court raising the following claims:[1]

> a. Malicious prosecution of Christopher Riddick (Plaintiff). Falsified testimony and criminal complaints of Christopher Riddick and Stacey Riddick. Provocation on Christopher Riddick after protective order was issued for your protection.
> b. Commonwealth Attorney (Michael T. Hurd) did not instruct the jurors on the law of § 19.2–152.10. It must be an act or threat of violence, not just contact. And he could not prove contact. None of my evidence show[ed] up for the Supreme Court.
> c. Juror 7 instruction was not accurate statement of the law. Christopher Riddick's criminal complaints was taken out 30

---

[1] The Court corrects the spacing, spelling, punctuation, and capitalization in the quotations from Walton's filings in this Court's record and the Circuit Court's records.

> days apart and they are conflicting of each other. Christopher Riddick was lying on his criminal complaint and his testimony in the Court under oath.

Petition for Writ of Habeas Corpus at 4, *Walton v. Commonwealth*, No. CL160000–65–00 (Va. Cir. Ct. filed June 13, 2016)

On the following page of his habeas petition, Walton also continued listing allegations in a section where he was not permitted to list claims. The Court summarizes Walton's claim as follows:

> d. The Court of Appeals of Virginia erred in upholding errors of the Circuit Court because Riddick provoked Walton and the Commonwealth failed to prove that Walton had contact with Riddick sufficient to violate the protective order.

*See id.* at 5. On July 12, 2016, Walton requested "Leave to Amend" and identified the following additional "ERROR OF INSTRUCTIONS":

> 1. The trial court errored in denying my motion to set aside the verdict, because the Commonwealth failed to prove a necessary element of the felony offense, i.e., neither the instant or prior offenses involved an act or threat of violence. . . .
> 2. The trial court erroneously instructed Juror Instructions No. 7, as said instruction did not contain all, of the elements necessary to prove a felonious violation of the offense, to-wit, it failed to state that at least one of the prior offenses or the present offense must involve an act or threat of violence. . . .
> 3. The trial court errored in failing to strike the Commonwealth's evidence at conclusion of all evidence, because Commonwealth failed to prove that [Walton] made "contact" with Christopher Riddick within the context of the statute. . . .
> 4. The trial court errored in granting Commonwealth's Jury Instruction 7, because the instruction was not accurate statement of the law set forth in § 19.2–152.10, in that the instruction mentions only "contact" while the statu[t]e qualifies the contact. . . .
> 5. The trial court errored in refusing my instruction concerning interpreting the "meaning of contact" with the structural framework of statute. . . .

3

Leave to Amend at 1, *Walton v. Commonwealth*, No. CL160000–65–00 (Va. Cir. Ct. filed July 12, 2016). The Circuit Court found that Walton had defaulted his claims under *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), and *Henry v. Warden*, 576 S.E.2d 495, 496 (2003), because his "allegations raise trial error claims that could have or were raised at trial or on appeal," and dismissed his petition. *Walton v. Commonwealth*, No. CL160000–65–00, at 9–10 (Va. Cir. Ct. Oct. 27, 2016). Walton filed no appeal of that decision.

In his § 2254 Petition, Walton argues that he is entitled to relief based upon the following grounds:[2]

- Claim One: "Instructions to jurors was incorrect. Plaintiff's criminal complaints and testimony was conflicting." (§ 2254 Pet. 6.)

- Claim Two: "Gov. Bob McDonnell's case was dismissed on the same ground. The instruction to jurors was incorrect." (*Id.* at 7.)

- Claim Three: "The trial [court] erred in granting Commonwealth's Jury Instruction 7, because the instruction was not accurate statement of the law set forth in § 19.2–152.10." (*Id.* at 11.)

Respondent moves to dismiss the § 2254 Petition. Despite providing Walton with appropriate *Roseboro* notice[3] (ECF No. 15), Walton failed to respond. The matter is ripe for disposition.

---

[2] Walton's § 2254 Petition skips "GROUND THREE;" however, for ease of reference, the Court refers to Walton's third ground for relief as "Claim Three."

[3] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

4

B.  **Exhaustion and Procedural Default**

State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir.

5

2010) (citations omitted). Absent a showing of cause and prejudice or his actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Walton raised many rambling claims in his state habeas petition and his amended filing. The Circuit Court found that Walton had defaulted his many claims under *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), or under *Henry v. Warden*, 576 S.E.2d 495, 496 (2003), because his "allegations raise trial error claims that could have [been] or were raised at trial or on appeal." *Walton v. Commonwealth*, No. CL160000–65–00, at 9 (Va. Cir. Ct. Oct. 27, 2016). It appears that all three claims in his § 2254 Petition pertain to Walton's view that the Circuit Court issued a faulty jury instruction. Walton raised several claims related to the Circuit Court's provision of Jury Instruction Number 7 on appeal and in his state habeas petition. (*See supra* Section A.) In the interests of judicial economy, and because his allegations fail to state a federal claim for relief, the Court will not dissect each of Walton's three claims to determine which aspects were raised on direct appeal and would be exhausted and reviewable here, and which claims were not raised on direct appeal, were found to be barred by *Slayton*, and would be defaulted and barred from review here. The Court generously construes Walton to have raised all three claims on direct appeal and in his habeas petition.

C.  **The Applicable Constraints Upon Federal Habeas Corpus Review**

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty

6

Act of 1996 ("AEDPA") further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### D. Walton's Claims Are Not Cognizable in Federal Habeas

In all three claims, Walton argues that the Circuit Court erred by giving an inappropriate jury instruction. Walton identifies no constitutional violation but instead challenges the Circuit Court's determination of state law. The trial court's alleged error provides no basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."); *see Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir.

2010) (citation omitted). Because all three claims challenge the propriety of the Circuit Court's provision of a jury instruction, they state no basis for federal habeas relief. *See Briley v. Bass*, 750 F.2d 1238, 1244 (4th Cir. 1984) (explaining that "the propriety of such [a jury] instruction was purely a matter of state law and not cognizable by a federal court on habeas review" (citing *Hutchins v. Garrison*, 724 F.2d 1425, 1436–37 (4th Cir. 1983))); *Leslie v. Dir., Va. Dep't of Corr.*, No. 3:12CV726, 2013 WL 4039026, at *2 (E.D. Va. July 31, 2013) (explaining that the Circuit Court's failure to give a jury instruction provides no basis for federal habeas relief). Thus, it is RECOMMENDED that Claims One, Two, and Three be DISMISSED.

E.  **Conclusion**

For the foregoing reasons, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 12) be GRANTED, Walton's claims be DISMISSED, and his § 2254 Petition be DENIED.

Walton is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific

objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Walton and counsel of record.

It is so ORDERED.

/s/
Roderick C. Young
United States Magistrate Judge

Date: October 26, 2017
Richmond, Virginia